**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                                                **13-CR-255(S)**

                **-v-**

**KENNETH WHITE,**
                        **Defendant.**
_____


## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions. Dkt. #2.


## PRELIMINARY STATEMENT

The defendant, Kenneth White ("the defendant"), is charged in an Indictment, along with a co-defendant, Caitlin Connelly, with having violated Title 18, United States Code, Section 1594(c) (sex trafficking conspiracy) (Count 1); Title 18, United States Code, Sections 1591(a), 1591(b)(1) and 1591(b)(2) (sex trafficking of a minor by force, fraud or coercion) (Count 2); Title 18, United States Code, Sections 1591(a) and 1591(b)(1) (sex trafficking by force, fraud or coercion) (Counts 3, 5 and 7); and Title 18, United States Code, Section 2421 (interstate transportation for purposes of prostitution) (Counts 4, 6, 8 and 9).  Dkt. #1.  Defendant White also faces a forfeiture allegation.  *Id.*  Co-defendant Caitlin Connelly is only charged in Count 1, sex trafficking conspiracy.  Defendant White filed an omnibus discovery motion on March 7, 2014.

Dkt. #14.  The government filed its opposition to the instant motion, as well as a cross

motion for discovery on March 28, 2014.  Dkt. #18.  At the request of the parties, oral

argument on the instant motion was adjourned several times.  At a Status Conference

held on December 19, 2014, the parties requested that the Court take the instant motion

(Dkt. #14) under advisement.  What follows in this Court's Decision and Order on the

instant motion.

<u>**DISCUSSION AND ANALYSIS**</u>

**Disclosure of Grand Jury Minutes**

The basis of defendant White's request for the disclosure of the Grand

Jury minutes is what he characterizes as "an inconsistency in the indictment with

respect to Victim 3."  Dkt. #14, ¶4.  More specifically, defendant White argues,

> Count 1 of the indictment charges a conspiracy involving
> Victims 1, 2, 3, 4 and 5.  Each of the alleged victims
> enumerated above is also involved in separate substantive
> counts of the indictment except for Victim 3.  Based upon
> the construction of the indictment it appears that there is
> insufficient evidence with respect to Count 1 as it involves
> Victim 3 but [sic] no substantive offense exists with respect
> to that victim.

*Id.* at ¶¶5-7.  In its response, the government maintains that defendant White's

conclusion that the omission of a substantive count involving Victim 3 is indicative of a

lack of evidence of any criminal activity involving Victim 3 is erroneous.  Dkt. #18, p.3.

In addition, the government offers the following explanation:

> The period of the Conspiracy [sic] alleged in the Indictment
> runs from in or about 2005 through in or about December
> 2012.  The Indictment was returned on November 21, 2013.
> To satisfy the statute of limitations for general conspiracy as
> alleged in the Indictment, the government must establish that

2

810b6dc9c9c96134

> a conspirator knowingly committed at least one overt act in
> furtherance of the conspiracy after November 21, 2008.
> Although the conspiracy was alleged to have begun prior to
> the five year statute of limitations, it is alleged to have
> continued on well within the statute of limitations period.
> Thus, the conspiracy in its entirety is properly brought.  The
> criminal activities in furtherance of the conspiracy relating to
> any of the victims which took place at any time during the
> currency [sic] are properly alleged in the conspiracy.
> However, any substantive crimes involving any of the victims
> must have commenced within the general five year statute of
> limitations period to be valid.  Therefore, any criminal
> conduct involving Victim 3 that took place entirely before
> November 21, 2008, is properly included within the
> conspiracy but cannot sustain a substantive count.

Dkt. #18, pp.3-4.  Thus, the absence of a substantive count with respect to Victim 3 is

based purely on the government's statute of limitations analysis and prosecutorial

considerations and not, as defendant White suggests, a lack of evidence.


It is a long-established rule that "[t]he burden. . . is on the defense to show

that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the

policy of secrecy."  *Pittsburgh Plate Glass Co v. United States*, 360 U.S. 395, 400

(1959).  For the reasons set forth above, defendant White's assertion as to his

"particularized need" is legally insufficient to require disclosure of the grand jury

proceedings as requested by him.  It is pointed out that transcripts of grand jury

testimony of witnesses called by the government to testify at trial must be made

available to the defendant pursuant to and in accordance with the provision of 18 U.S.C.

§ 3500.  It is also pointed out that:

> [A]n indictment valid on its face is not subject to challenge on
> the ground that the grand jury acted on the basis of
> inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1978).  Furthermore,

> An indictment returned by a legally constituted and unbiased
> grand jury, like an information drawn by the prosecutor, if
> valid on its face, is enough to call for trial of the charge on
> the merits.  The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).

Therefore, defendant's request for disclosure of the grand jury

proceedings is denied.


**Bill of Particulars**

In his request for a bill of particulars, defendant White enumerates several

specific requests for each count in the Indictment.  Essentially, defendant White

requests the exact time, date and manner in which each alleged crime was committed,

as well as the name of all co-conspirators, witnesses and victims and specific

information as to how the government will prove each allegation.  As a threshold matter,

in its response, the government asserts that the Indictment is very straightforward and

that the defendant has been provided with significant discovery material.  Dkt. #18, p.5.


In its response, the government relies on the general principle that

acquisition of evidentiary detail is not the function of a bill of particulars.  Moreover, the

government states, "[t]he United States is not obligated to disclose either the manner in

which it will attempt to prove the charges or the precise manner in which the defendant

committed the crime charged."  Dkt. #18, p.8.  In addition, the government asserts,

> [t]he conspiracy and substantive counts all are alleged to
> have been committed over delineated periods of time.  Many
> of the defendant's requests ask for details as to exactly

> when acts were committed, exactly where specific sex acts
> took place, what items of value were received for the
> commercial sex acts, and exact instances of the use of
> force, fraud, or coercion.  Such detailed disclosure of the
> government's evidence is not the function of a bill of
> particulars.  In addition, the defendant seeks the identity of
> each victim.  As set forth herein, the defendant's use of
> threats of force and force against the victims justifies the
> government's refusal, at this time, to identify the victims in
> this case.  The government will provide the defendant with
> the names of the victims and the appropriate Jencks Act
> material 2 weeks prior to trial or as otherwise directed by the
> trial Court.

Dkt. #18, p.10.

The defendant's request is denied.  It has become axiomatic that the

function of a bill of particulars is to apprise a defendant of the essential facts of the

crime for which he has been charged.  *United States v. Salazar,* 485 F.2d 1272, 1277-

78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273

U.S. 77 (1927).

> A bill of particulars should be required only where the
> charges of the indictment are so general that they do not
> advise the defendant of the specific acts of which he is
> accused."  *United States v. Feola*, 651 F. Supp. 1068, 1132
> (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert.*
> *denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989);
> *see also United States v. Leonelli*, 428 F. Supp. 880, 882
> (S.D.N.Y. 1977).  "Whether to grant a bill of particulars rests
> within the sound discretion of the district court."  *United*
> *States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing
> *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.),
> *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474
> (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d
> [572] at 574 [(2d Cir. 1987)].  "Acquisition of evidentiary
> detail is not the function of the bill of particulars."  *Hemphill v.*
> *United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393
> U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct. 1690 (2008).

**Rule 16 Discovery**

The defendant acknowledges that the government has already provided the defense with many discoverable items.  Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the defendant seeks the disclosure of the defendant's statements; statements of co-defendants; statements and the transcript of any testimony of "any uncharged co-defendant or co-conspirator"; hearsay evidence intended by the prosecutor to be introduced at trial; co-conspirator statements; the results of any physical and/or scientific examinations, tests and/or experiments; any visual or audio identification procedures; all investigative reports or documents; Title III applications, pen registers, search warrant applications; surveillance records; documents obtained from third parties; physical evidence; and the government's list of witnesses.  Dkt. #14, ¶¶19-59.  The government provided short, concise responses to each of the defendant's separate requests indicating when it will comply with certain of the requests, whether the requested documents or information exists, or statements setting forth its reasons for declining to disclose certain information at this time.  Dkt. #18, pp.12-13.

With respect to statements of co-conspirators, the government acknowledges that is has taken statements and agrees to disclose such statements or

reports of such statements two weeks prior to trial or as otherwise directed by the trial

court.  The government further agreed to provide the grand jury testimony of all trial

witnesses two weeks prior to trial.  The government indicated that it will outline its proof,

including any hearsay evidence it intends to offer at trial, in its pre-trial memorandum to

be submitted at the direction of the trial court.  With respect to statements, reports of

statements, criminal records and cooperation agreements of witnesses it intends to call

to testify, the government agrees to disclose those materials two weeks prior to trial or

as otherwise directed by the trial court.

        The government further states that no scientific tests were conducted and

that it does not anticipate having any scientific tests conducted prior to trial.  In addition,

the government states that no medical tests were conducted in the preparation of this

case for trial.  However, the government does indicate that one or more government

witnesses did have medical exams and treatments performed during the course of the

criminal activity described in the Indictment.  "The records relating to such

exam/treatment will be turned over, subject to possible protective orders and redactions,

as part of the Jencks production two weeks prior to trial, or as directed by the trial

court."  Dkt. #18, p.11.  The government further states that no identification procedures

were used, rather the individual victims will identify the defendant based on their long

standing interactions with him.  Although the government indicates that it did not utilize

any electronic surveillance in this case, it did utilize several pen registers.  The

government agrees in its response to the instant motion to provide redacted copies of

the applications for the pen registers.  In addition, the government states that "a search

was executed to affect the arrest of the defendant." *Id.* at p.12.  The government

agrees to provide the defense with a copy of the search warrant application.


The government states that there were no audio or video tapes made in

the investigation of this case.  However, the government does state that it "may take

photographs of relevant locations for use at trial.  If so, copies will be provided to the

defense.  Summary charts will be prepared by the government for use at trial.  Such

charts will be turned over to the defense when they are produced." *Id.*  The government

states that there were no recorded statements by the defendant or by co-conspirators

made in the course of carrying out the conspiracy and therefore, there are no transcripts

of such statements/conversations.  *Id.* at p.13.  The government also states that there

was no physical evidence seized from the defendant, co-defendant or co-conspirators in

this case.  Finally, the government reiterates its refusal to disclose the identity of any

witnesses at this time and states that such disclosure will be made two weeks prior to

trial or as otherwise directed by the trial court.  *Id.*


Based on the representations made by the government concerning

documents and information that will be disclosed two weeks prior to trial or as directed

by the trial court, those specific requests are denied as moot.  Similarly, with respect to

documents and information that the government agrees to disclose, including pen

register applications and search warrant applications, those requests are denied as

moot.  Finally, based on the allegations in the Indictment and the concerns expressed

by the government, the Court denies defendant White's request for the disclosure of the identity of witnesses at this time.

## Rule 404(b) Evidence

In its response, the government states that it "does not intend to introduce any criminal or "bad" acts of the defendant not committed during the carrying out of the crimes alleged in the Indictment.  Should the government obtain evidence of other bad act [sic] it intends to offer at trial, the government will immediately notify the defendant." *Id.* at p.14.  Based on the government's representations, defendant White's request is denied as moot.

## Expert Testimony

By this request, defendant White requests that the government provide him with a list of its expert witnesses and the substance of any reports, and a written summary of their testimony.  Dkt. #14, ¶61.  In its response, the government states that at this time it does not intend to offer any expert testimony.  However, if the government elects to introduce expert testimony, "it will immediately disclose its intent to the defendant and supply all credentials of the witness along with a summary of the expert's anticipated testimony."  Dkt. #18, p.14.  Based on the government's representations, defendant White's request is denied as moot.

**Disclosure of Brady/*Giglio* Material**

In its response, the government acknowledges its affirmative and continuing duty to provide the defendant with exculpatory evidence, as well as evidence that the defendant might use to impeach the government's witnesses at trial.  Dkt. #18, p.15.  The government further agrees to provide impeachment *Brady* material in accordance with the schedule set by the District Court prior to trial and no later than when the government produces and delivers the Jencks Act material in this case. As a result of these representations, the defendant's request for such materials, *i.e.,* *Brady* and *Giglio* is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Coppa,* at 146.  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Coppa,* at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

**Disclosure of Jencks Act Material**

By this request, defendant White seeks the early disclosure of Jencks Act material.  As previously discussed, the government has refused to disclose the identity of its witnesses or to provide Jencks Act material until two weeks prior to trial or as otherwise directed by the trial court.  Absent a showing of good cause for early disclosure, the government maintains that the existing practice in this District should be followed.  The defendant's motion is denied to the extent that it exceeds the scope of 18 U.S.C. § 3500.  With respect to those statements encompassed by this statute, the prosecution is not required to disclose and turn over *Jencks* statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.


**Identity of Informants**

In its response to defendant White's request for the disclosure of the identity of informants, the government reveals that it did utilize confidential informants and cooperating witnesses in the investigation of this matter and according to the government, many were involved as victims in the case.  To the extent that the government determines that these individuals will be classified as trial witnesses, the government indicates that it will identify such witnesses not earlier than two weeks prior to trial.  Accordingly, defendant White's request is denied.

11

**Identification of Defendant's Statements**

By this request, defendant White is seeking the disclosure of any statements made by the defendant to law enforcement.  Dkt. #14, ¶¶82-84.  In its response, the government states that the defendant did not make any statements to law enforcement during the investigation or at the time of his arrest.  Dkt. #18, p.17.  Based on the representations made by the government, defendant White's request is denied.


**Additional Motions**

Defendant White seeks leave to make further motions as the factors and evidence emerge through requested discovery.  DKt. #14, ¶88.  This request is granted provided that any additional bases for relief are based on facts or information learned by reason of the continuation of the investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's Decision and Order.

**Government's Request for Reciprocal Discovery**

In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery.  Dkt. #18, p.18.  The government has requested that the defendant permit it to inspect and copy books, papers, documents, photographs and tangible objects which the defendant intends to introduce as evidence-in-chief at the trial.  *Id.*  In addition, the government seeks to inspect all reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant along with written summaries of expert witness testimony that the defendant intends to use at trial.  *Id.*  Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar

materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to**

13

**comply with the provisions of Rule 58.2, or with the similar provisions of**

**Rule 58.2 (concerning objections to a Magistrate Judge's Report,**

**Recommendation and Order), may result in the District Judge's refusal to**

**consider the objection.**


DATED:      January 6, 2015
            Buffalo, New York



                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**