UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                          **DECISION AND ORDER**
                                                      13-CR-255S

KENNETH WHITE,

                         Defendant.

On January 4, 2022, this Court granted Kenneth White's unopposed Rule 36 motion to correct the statutes of conviction listed in the judgment. See Docket No. 145; Fed. R. Crim. P. 36. The Clerk of Court thereafter entered an amended judgment correctly identifying 18 U.S.C. §§ 1591 (a)(1) and (b)(1) as the statutes of conviction, but also carrying over the nature-of--offense description from the original judgment as "Aid and Abet Sex Trafficking of a Minor by Force, Fraud, or Coercion." Compare Docket No. 86 with Docket No. 146.

In a second Rule 36 motion, White now seeks further correction of the amended judgment such that the nature of offense would read "Sex Trafficking by Force, Fraud, or Coercion." See Docket No. 150, p. 2. White maintains that he was not convicted of sex trafficking a minor, and therefore, the amended judgment must be corrected. The government maintains that there is no error because the count to which White pleaded guilty charged "Sex Trafficking of a Minor and by Force, Fraud or Coercion," and White admitted that his victim was under the age of 18. See Docket Nos. 153, 158. Having considered the parties' arguments, this Court finds that further correction of the judgment is in order and will therefore grant White's motion.[1]

---

[1] There is no disagreement that the aiding-and-abetting language in the amended judgment should also be removed from the nature-of-offense description since White was not convicted of aiding and abetting. See Government Supplemental Response, Docket No. 158, p. 4 n. 1.

1

Rule 36 governs the correction of judgments in criminal cases. It provides as follows: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

White pleaded guilty to violating 18 U.S.C. § 1591. That statute proscribes two forms of sex trafficking, only the second of which necessarily involves a minor: "sex trafficking involving a commercial sex act 'induced by force, fraud, or coercion,' or in which the person induced to perform the sex act was under the age of eighteen." United States v. Robinson, 702 F.3d 22, 29 (2d Cir. 2012).

As this Court noted in a previous order, the record is mixed concerning which form of sex trafficking White stands convicted of. Count 2 of the indictment charged in the conjunctive "Sex Trafficking of a Minor and by Force, Fraud or Coercion," and contained allegations supporting each of the elements the government must prove to secure a conviction under the sex-trafficking-of-a-minor portion of the statute. See, e.g., 2 L. Sand et al., Modern Federal Jury Instructions ¶ 47A.03, at 47A-20 (2021) (identifying "age of victim" as the second element). This is the count to which White pleaded guilty.

But the parties' written agreement supports only a conviction under the portion of the statute pertaining to sex trafficking by force, fraud, or coercion. The plea agreement, which the government drafted, identifies the count of conviction as "Sex Trafficking by Force, Fraud, or Coercion." See Plea Agreement, Docket No. 52, ¶ 1. The agreement does not carryover the conjunctive charge of "Sex Trafficking of a Minor *and* by Force, Fraud or Coercion" from the indictment. That is, the government omitted reference to sex trafficking a minor from the plea agreement, indicating that the parties

2

instead agreed to a conviction under that portion of the statute pertaining to sex trafficking by force, fraud, or coercion, despite Victim 1 being less than 18 years of age.

This conclusion is further supported by the government's written recitation of the elements of the offense it would prove at trial. That recitation *excludes* proving the age of the victim, and instead includes only those elements necessary to sustain a conviction for sex trafficking involving a commercial sex act induced by force, fraud, or coercion. See id.; 2 L. Sand et al., Modern Federal Jury Instructions ¶ 47A.03, at 47A-18 (2021) (identifying elements of the offense), 47A-21 (identifying "use of force, fraud, or coercion" as the second element).

So too, the plea and sentencing proceedings compel a finding in White's favor. At both proceedings, this Court confirmed White's understanding that he was pleading guilty to (or had been convicted of) sex trafficking by force, fraud, or coercion, employing the same description of the offense set forth in the plea agreement. See, e.g., Plea Transcript, Docket No. 97, p. 7; Sentencing Transcript, Docket No. 155, p. 5. And the Rule 11 colloquy pertained only to the elements set forth in the plea agreement, which again support a conviction for sex trafficking by force, fraud, or coercion. See Plea Colloquy, pp. 9-11. These proceedings occurred in this manner without objection or correction by the government. Id.

In its opposition, the government focuses on White's admission that he knew that Victim 1 had not attained the age of 18 when he enticed and maintained Victim 1 for purposes of commercial sex acts. See Plea Agreement, ¶ 6. But this admission is consistent with a conviction under either portion of the statute. Consequently, given the notice and reliance implications involved, and considering the Rule 11 deficiencies that could result from acceptance of the government's position, including whether White

3

was properly informed of and fully understood the nature of the charge to which he pleaded guilty, this Court will grant White's motion and correct the judgment to mirror the description of the count of conviction employed by the parties in the plea agreement.

IT HEREBY IS ORDERED, that Defendant's Motion to Amend/Correct Judgment (Docket No. 150) is GRANTED.

FURTHER, that the United States Probation Office is DIRECTED to prepare an amended judgment that describes the Nature of Offense on page 1 as only "Sex Trafficking by Force, Fraud, or Coercion."

FURTHER, that the Clerk of Court is DIRECTED to send a copy of this decision to Defendant at his correctional institution of record.

SO ORDERED.

Dated:   July 26, 2022
         Buffalo, New York

                                             s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge