UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KENNETH WHITE,

                Petitioner,

v.                                          **DECISION AND ORDER**
                                                      18-CV-1315S
                                                      13-CR-255S

UNITED STATES OF AMERICA,

                Respondent.

On January 19, 2022, this Court denied Petitioner Kenneth White's motion to set aside, vacate, or correct his sentence under 28 U.S.C. § 2255 as barred by his knowing, voluntary, and competent waiver of his right to appeal and collaterally attack his sentence. See White v. United States, Nos. 18-CV-1315S, 13-CR-255S (1), 2022 WL 170607 (W.D.N.Y. Jan. 19, 2022); Docket No. 149.  Approximately three weeks later, White moved for reconsideration under Rule 59 (e) of the Federal Rules of Civil Procedure. (Docket No. 152.)  With that motion fully briefed and oral argument unnecessary, this Court finds that it must be denied in all respects.

A district judge may modify pre-trial rulings and interlocutory orders at any time prior to final judgment.  See In re United States, 733 F.2d 10, 13 (2d Cir. 1984). Reconsideration of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice.  See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992); see also

1

Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, at *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

The decision whether to grant or deny a motion to reconsider lies in the court's discretion. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Parties bringing motions to reconsider "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." Duane v. Spaulding & Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, at *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire & Cas., 817 F. Supp. 538, 541 (M.D. Pa. 1993)). Motions for reconsideration are not to be used to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision. See Duane, 1994 WL 494651 at *1. After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, at *1 (N.D.N.Y. Nov. 10, 1994).

Upon consideration of White's motion, this Court is not convinced that its previous decision must be revisited. White does not persuasively allege any of the three circumstances under which reconsideration may be warranted. See Virgin Atl., 956 F.2d at 1255. He does not allege an intervening change in controlling law or the discovery of new evidence. Rather, he maintains that reconsideration is necessary to correct clear errors of law and to prevent manifest injustice.

White argues that this Court (1) failed to recognize, acknowledge, and address his sentencing-related due process claim,[1] (2) erred in its application of the Strickland standard to his sentencing-stage, ineffective-assistance-of-counsel claims, and (3) erred in failing to consider the merits of his constitutional challenge to 18 U.S.C. § 1591 and his *ex post facto* claim. But none of these arguments warrant reconsideration because they each share a common flaw: they ignore this Court's finding that White entered his guilty plea and the waiver provisions of his plea agreement knowingly, voluntarily, and intelligently, and that White's decision to do so was not the product of ineffective assistance of counsel at the plea stage. That finding compels denial of White's § 2255 petition for the reasons stated in this Court's previous decision. In short, because White's collateral attack waiver is valid and operative, it must be enforced to bar his claims. See, e.g., United States v. Granik, 386 F.3d 404, 412 (2d Cir. 2004) ("Knowing and voluntary appellate waivers included in plea agreements must be enforced because, if they are not, the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants.") Accordingly, this Court finds no valid grounds for reconsideration.

Further considering White's motion, Rule 59 (e) permits a party to seek reconsideration of a court's judgment, so long as the party files its motion to amend or alter the judgment no later than 28 days after its entry. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party

---

1 Contrary to White's assertion, this Court considered this claim and found it barred by waiver. See White, 2022 WL 170607, at *9-11.

3

can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Relief can also be granted to "correct a clear error or prevent manifest injustice."  Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc., 38 F.3d 1279, 1287 (2d Cir. 1994) (quoting Virgin Atl., 956 F.2d at 1255).  The existence of new evidence may also justify reconsideration.  See Virgin Atl., 956 F.2d at 1255.  The rule is not, however, "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).  The decision to grant a Rule 59 (e) motion is within the sound discretion of the court.  New York v. Holiday Inns, Inc., No. 83-CV-564S, 1993 WL 30933, at *4 (W.D.N.Y. 1993).

Here, for the reasons stated above, White's motion fails under Rule 59 (e).  He points to no persuasive matters or controlling caselaw that this Court overlooked nor does he demonstrate any clear error or manifest injustice in this Court's decision.  White simply reiterates and reargues points previously considered and rejected.  The motion under Rule 59 (e) is therefore denied.

Further considering White's motion liberally, Rule 60 authorizes a court to grant relief from a final judgment, order, or proceeding for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59 (b);

4

>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60 (b). "A motion under Rule 60 (b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60 (c).

Rule 60 (b) motions are reserved for exceptional circumstances. See United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). They are generally disfavored and granted only in "extraordinary circumstances" when it is necessary to "override the finality of judgments in the interest of justice." Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994); see also Int'l Bhd. of Teamsters, 247 F.3d at 391 ("A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances."); Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (noting that "[s]ince 60 (b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances"). Such motions are left to the "sound discretion" of the district court. In re Lawrence, 293 F.3d 615, 623 (2d Cir. 2002) (citing Parker v. Broad. Music, Inc., 289 F.2d 313, 314 (2d Cir. 1961)).

The proponent of a Rule 60 (b) motion bears the burden of proof. Int'l Bhd. of Teamsters, 247 F.3d at 391. That party must "(1) support its motion with 'highly convincing' evidence; (2) show good cause for its failure to act sooner; and (3) prove that

5

granting the motion will not impose any undue hardship on the other parties." Canini v. U.S. DOJ Fed. Bureau of Prisons, No. 04 Civ. 9049, 2008 WL 818696 (S.D.N.Y. Mar. 26, 2008) (citing Kotlicky v. United States Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)); see also Esposito v. New York, No. 07 Civ. 11612, 2010 WL 4261396, at *2 (S.D.N.Y. Oct. 25, 2010).  When evaluating Rule 60 (b) motions, courts strive to "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments."  Nemaizer, 793 F.2d at 61.

In the § 2255 habeas context, relief under Rule 60 (b) is available "only when the Rule 60 (b) motion attacks the integrity of the previous habeas proceeding, rather than the underlying criminal conviction."  Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) (relying on Rodriguez v. Mitchell, 252 F.3d 191 (2d Cir. 2001)).  This limitation is necessary to prevent circumvention of the statutory restrictions governing successive habeas petitions.  See Polanco v. United States, 14-CV-01540 (TPG), 11-CR-00002 (TPG), 2017 WL 4330373, at *2 (S.D.N.Y. Sept. 27, 2017) (citing Arroyo v. United States, No. 01-CV-7165 (AGS), 2007 WL 1180549, at *2 (S.D.N.Y. Apr. 23, 2007)).  When such a motion lacks merit, the court should simply deny it as it would any other Rule 60 motion, rather than treat it as a successive habeas petition.  Harris, 367 F.3d at 82.

Here, a portion of White's motion attacks the integrity of the habeas proceeding by contending that this Court misunderstood his claims, misunderstood the contours of his plea waivers, and made findings of fact that were clearly erroneous.  See Docket No. 152, p. 2.  As explained above, however, this Court properly identified, analyzed, and rejected each ground in White's petition.  In doing so, this Court considered White's

6

arguments and found them unpersuasive.  This Court applied the correct law and adequately explained its reasoning.  While White is obviously dissatisfied with the findings and rulings, the previous decision was not the product of error, mistake, or oversight, and White offers no persuasive basis to reconsider it.   His motion, considered under Rule 60, must therefore be denied.

Accordingly, for all of the reasons stated above, White's motion seeking reconsideration and relief from this Court's previous decision denying his § 2255 petition will be denied.

IT HEREBY IS ORDERED, that Petitioner's motion (Docket No. 152) is DENIED.

FURTHER, that this Court hereby certifies, pursuant to 28 U.S.C. § 1915 (a)(3) and Rule 24 (a)(3) of the Federal Rules of Appellate Procedure, that any appeal from this Decision and Order would not be taken in good faith and therefore leave to appeal as a poor person is DENIED.   See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

FURTHER, that a Certificate of Appealability under 28 U.S.C. § 2253 is DENIED.

FURTHER, that the Clerk of Court is DIRECTED to send a copy of this decision to Petitioner at his correctional institution of record.

SO ORDERED.

Dated: July 26, 2022
Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge
